# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JESÚS RAMÍREZ-COTTO,** | **CIVIL NO. 16-2294 (DRD)** |
| Petitioner, | (Criminal Case No. 14-637-3) |
| v. | |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

## OPINION AND ORDER

Pending before the Court is petitioner, Jesús Ramírez-Cotto's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (Dkt. No. 1).[1] The United States of America submitted its response thereto (Dkt. No. 24). For the reasons stated herein, the Court **DENIES** the Petitioner's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.* (Dkt. No. 1).

### I. FACTUAL AND PROCEDURAL BACKGROUND

The instant case deals with a Seventeen-Count RICO Act Conspiracy Indictment returned by a Grand Jury against four (4) defendants, including the petitioner. In particular, the appearing petitioner was charged with violations to the racketeer influenced and corrupt organizations act pursuant to 18 U.S.C. § 1962(c) (hereinafter, "Count One"); aiding in abetting in the interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951 and 2 (hereinafter, "Count Five"); aiding and abetting in the use of a firearm in furtherance of a crime of violence, in violation of 18

---

[1] The Court notes the petitioner subsequently filed a *Supplemental Brief in Support of Petitioner's Section 2255 Motion*, see Dkt. No. 9, and a *Motion to Lift Stay*, see Dkt. No. 17.

U.S.C. § 924(c)(1)(A)(ii) (hereinafter, "Count Six"); aiding in abetting in the possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§922(g)(1), 924(a)(2) and 2 (hereinafter, "Count Seven"); aiding in abetting in the interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951 and 2 (hereinafter, "Count Eight"); aiding in abetting in carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (hereinafter, "Count Nine"); and aiding in abetting in the possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 2 (hereinafter, "Count Ten"). See Dkt. No. 3 in criminal case no. 14-637 (DRD).

The petitioner ultimately entered a guilty plea as to Counts One and Six. Then, on October 27, 2015, the petitioner was sentenced to a term of imprisonment of 87 months as to Count One and 87 months as to Count Six, to be served consecutively with each other for a total term of 171 month. See Dkt. No. 177 in criminal case no. 14-637 (DRD). Judgment was entered on October 27, 2015. See Id. As the petitioner did not file a Notice of Appeal, his sentence became effective fourteen (14) days thereafter, that is, on November 13, 2015.

On June 28, 2016, the petitioner timely initiated the instant matter pursuant to 28 U.S.C. § 2255 (Dkt. No. 1) claiming that as the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015) (hereinafter, *Johnson II*) struck for vagueness the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), it invalidates the similarly worded residual clause of 18 U.S.C. § 924(e)(2)(B)(ii). See Dkt. No. 1.

The instant proceedings were stayed pending the resolution of related case captioned Sessions v. Dimaya, 138 S. Ct. 1204 (2018). On June 13, 2018, the Petitioner filed a *Motion to Lift Stay*, arguing that in light of the Dimaya decision, wherein the Supreme Court determined that

18 U.S.C. § 16(b) is void for vagueness and the challenged 18 U.S.C. § 924(c) is identical, the Court should grant his § 2255 Petition. See Dkt. No. 17. The Government timely filed its response in opposition thereto, averring that the First Circuit has recently held that "aiding and abetting a Hobbs Act robbery is a crime of violence under § 924(c)'s force clause." Dkt. No. 24. Thus, Petitioner's § 2255 motion must be dismissed.

Petitioner puts forth an argument that is deeply researched, rich in references to case law, and well drafted. Yet, for the reasons articulated below, the Court must **GRANT** the Government's motion to dismiss. *See* Dkt. No. 20.

## I. LEGAL ANALYSIS

Under § 2255, a prisoner prevails on his motion to vacate, set aside, or correct a sentence if the petitioner proves one of the following: (i) "the sentence was imposed in violation of the Constitution or laws of the United States," (ii) "the court was without jurisdiction to impose such sentence," (iii) "the sentence was in excess of the maximum authorized by law," or (iv) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Petitioner's § 2255 action is based on his contention that (1) § 924(c)'s residual clause is unconstitutionally vague after *Johnson II*; and (2) that the crime of violence charged along with violations to §§ 924 (c) and (j), that is, aiding and abetting a carjacking, fails to categorically qualify as a crime of violence under § 924(c)'s force clause.

Petitioner relies on *Welch*, wherein the Court held that Johnson constitutes "a substantive decision and so has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). *Johnson II*, in turn, held the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551 (2015).

The Supreme Court found the residual clause left "grave uncertainty about how to estimate the risk posed by a crime" because it tied "the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *Id.* at 2253. It also found the clause left "uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Id.* at 2254. Petitioner sustains that these two holdings apply to his conviction under § 924(c) for aiding and abetting in the brandishing of a firearm in furtherance of a crime of violence.

Pursuant to Section 924(c), it is a crime for "any person, who during and in relation to any crime of violence . . . use[] or carr[y] a firearm, or who in furtherance of any such crime possesses a firearm[.]" 18 U.S.C. § 924(C)(1)(A). Further, Section § 924(c) defines a crime of violence under the force clause as "an offense that is a felony and has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The residual clause, in turn, defines a crime of violence as "that by its nature, involv[ing] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

The First Circuit has recently held that aiding and abetting a Hobbs Act Robbery[2] is a crime of violence under § 924(c)'s force clause. *See United States v. García-Ortiz*, 904 F.3d 102 (2018). The First Circuit further explained that,

> "To assess whether a predicate crime qualifies as a 'crime of violence' under the force clause of § 924(c), 'we apply a categorical approach. That means we consider the elements of the crime of conviction, not the facts of how it was committed, and assess whether violent force is an element of the crime."

---

[2] "Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both. 18 U.S.C. § 1951.

4

*United States v. Cruz-Rivera*, 904 F.3d 63, 66 (1st Cir 2018)(quoting *United States v. Taylor*, 848 F.3d 476, 491 (1st Cir.), *cert. denied*, ____ U.S. ____, 137 S. Ct. 2255, 198 L.Ed.2d 689 (2017). The Hobbs Act Robbery statute, defines the term "robbery" as,

> "[T]he unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, <u>by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property</u>, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining."

Id. § 1951(b)(1)(emphasis ours).

After interpreting both statutory provisions, the First Circuit found that the Hobbs Act robbery, "even when based upon a threat of injury to property, requires a threat of the kind of force described in *Johnson I*, that is, "violent force ... capable of causing physical pain or injury." Garcia-Ortiz, 904 F.3d at 107. Therefore, it is the law in the First Circuit that the Hobbs Act robbery has as an element the use or threatened use of physical force capable of causing injury to a person or property, such that a conviction for Hobbs Act robbery categorically constitutes a "crime of violence" under section 924(c)'s force clause.

Herein, the Petitioner pled guilty to Count One, violation to the racketeer influenced and corrupt organizations act pursuant to 18 U.S.C. § 1962(c), and Count Six, aiding and abetting in the use of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). See Crim. Case No. 14-637, Dkt. 177. Considering the First Circuit precedent establishing the Hobbs Act robbery categorically constitutes a "crime of violence" under the force clause of the Armed Career Criminal Act, the Court **DENIES** Petitioner's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Dkt. No. 1). Judgment of dismissal is to be entered accordingly.

## III. CONCLUSION

For the reasons elucidated above, the Court **DENIES** Petitioner's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (Dkt. No. 1) and *Supplemental Brief in Support of Petitioner's Section 2255 Motion* (Dkt. No. 9). Judgment of dismissal is to be entered accordingly.

It is further ordered that no certificate of appealability be issued in the event that the petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional or statutory right within the meaning of 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of April, 2019.

*S/ Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge